**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Kevin Hoff, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **DISMISS** |
| vs. | ) | |
| | ) | |
| Joseph Joyce, Warden, in his official | ) | |
| and individual capacity, et al., | ) | Case No. 1:23-cv-135 |
| | ) | |
| Defendants. | ) | |

Before the court is a Motion to Dismiss filed by Defendants. (Doc. No. 30). For the reasons discussed below, the motion is granted.

## I.   BACKGROUND

Plaintiff Kevin Hoff ("Hoff") is an inmate at the North Dakota State Penitentiary ("NDSP") in Bismarck, North Dakota. (Doc. No. 1). He initiated the above-captioned § 1983 action pro se and in forma pauperis in July 2023 against Defendants Warden Joseph Joyce, Unit Manager Lacey Fisher, Deputy Warden Shaun Fode, and Property Officer Jamie Schwartz Walter in their official and individual capacities. (Doc. No. 7). He asserted in his Complaint that Defendants "refused basic indigent hygiene and other items to inmates on the indigent program" in May and June 2023. (Id.).

The court screened Hoff's Complaint as mandated by 28 U.S.C. § 1915A. Finding the Complaint deficient, the court issued an order that gave Hoff a deadline of September 1, 2023, to either file an Amended Complaint or show cause why this matter should not be dismissed for failure to state a claim. (Doc. No. 8).

On August 29, 2023, Hoff filed a document captioned "motion for admended [sic]

1

complaint/showing cause." Therein he alleged:

> I am seeking to sue Warden Joseph Joyce, Unit Manager Lacey Fischer, Deputy Warden Shaun Fode, and Property Officer Jamie Schwartz Walter in their official capacities. The above named Defendants withheld basic personal hygine for 2 months. I am indigent and qualify for indigent. Basic personal hygine items are distributed through indigent. The defendants acted with deliberate indifference. They knowingly made false reports to the cover for the withholding of basic personal hygine through indigent.
>
> I am asking for injunctive relief to ensure I can receive basic personal hygine to meet the standard of reasonable care.

(Doc. No. 11) (errors in original).

On October 24, 2023, the court issued an order in which it: (1) construed the document filed by Hoff on August 29, 2023, as motion for leave to file an Amended Complaint; (2) granted the motion; (3) directed the Clerk's office to attach the motion to the original Complaint and file the resulting document as Hoff's Amended Complaint; and (4) directed the Clerk's office to effectuate service of the Amended Complaint on Defendants in accordance with Fed. R. Civ. P. 4.

On December 22, 2023, Defendants filed a Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. No. 30). Hoff has yet to respond to the motion. His silence may be deemed an admission that the motion is well taken. D.N.D. Civ. L.R. 7.1(F) ("An adverse party's failure to serve and file a response to a motion may be deemed an admission that the motion is well taken.").

## II.    **STANDARD OF REVIEW**

### A.    **Fed. R. Civ. P. 12(b)(1)**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. "Subject matter jurisdiction defines the court's authority to hear a given type of case." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Jurisdictional issues are

a matter for the Court to resolve prior to trial.  Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack'" on jurisdiction.  Osborn, 918 F.2d at 729 n.6.  In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)."  Id.  (internal citations omitted).  "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards."  Id.  (internal citation omitted).  If a defendant wishes to make a factual attack on "the jurisdictional allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute.  Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

**B.** **Fed. R. Civ. P. 12(b)(6)**

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  A plaintiff must show that success on the merits is more than a "sheer possibility." Id.  A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681.  *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Detailed factual allegations are not

necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009). The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts entitling the plaintiff to relief. Ulrich v. Pope Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

## III.   DISCUSSION

Defendants assert three reasons to dismiss Hoff's Amended Complaint: (1) they have Eleventh Amendment immunity from suit; (2) Hoff has failed to assert a cognizable claim; and (3) Hoff has otherwise failed to exhaust his administrative remedies.

### A.   Eleventh Amendment Immunity

Absent consent or Congressional enactment to the contrary, the Eleventh Amendment immunizes states from suits filed against them in federal court. See Kentucky v. Graham, 473 U.S. 159, 169 (1985) ("[A]bsent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."). The immunity afforded a state in federal court extends to state officials when "the state is the real, substantial party in interest." Ford Motor Co. v. Dep't of Treasury, 323 U.S. 459, 464 (1945), overruled on other grounds by Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613 (2002). "The general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate

against the latter." Hawaii v. Gordon, 373 U.S. 57, 58 (1963) (per curiam). Thus, regardless of the relief sought, a suit against state officials that is in fact a suit against a state is barred in the same way it would be barred if the state was the named defendant. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 101–02 (1984).

In Ex Parte Young, 209 U.S. 123, 714 (1908), the United States Supreme Court recognized a limited exception to Eleventh Amendment immunity permitting suits in federal court against state officials when the relief sought is only injunctive. However, this exception only applies against officials "who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution." Id. at 156.

To determine whether a plaintiff has alleged a Young claim for injunctive relief courts "need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.'" Verizon Md. Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645, 871 (2002) (quoting Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 296, 117 S.Ct. 2028, 138 L.Ed.2d 438 (1997) (O'Connor, J., concurring)).

A number of court have recognized that "Eleventh Amendment immunity may be asserted as a Rule 12(b)(6) motion or Rule 12(b)(1) motion." Ballegooyen v. Brownson, No. 4:14-CV-04186-KES, 2016 WL 5794719, at *2 (D.S.D. Sept. 30, 2016); see also Oaks Tenants/Residents Collective v. Curators of Univ. of Missouri, No. 06-0186-CV-W-GAF, 2006 WL 8438385, at *2 (W.D. Mo. June 26, 2006) ("[D]istrict courts within the Eighth Circuit have addressed motions to dismiss based on Eleventh Amendment immunity under both Fed. R. Civ. P. 12(b)(1) and 12(b)(6)."). However, other courts have more recently taken position that

""[s]overeign immunity is a jurisdictional, threshold matter that is properly addressed under Rule 12(b)(1)." <u>Zarn v. Minnesota Dep't of Hum. Servs.</u>, No. CV2201756MJDDTS, 2022 WL 11227241, at *2 (D. Minn. Oct. 19, 2022), citing <u>Keselyak v. Curators of the Univ. of Mo.</u>, 200 F. Supp. 3d 849, 853 (W.D. Mo. 2016).

Defendants assert they are cloaked in sovereign immunity by virtue of the fact that Hoff made it clear in his Amended Complaint that he was suing them solely in their official capacity. They further assert that, while Hoff described the relief he seeks as prospective, the substance of his pleadings suggests otherwise. In so doing they stress that Hoff alleged in his pleadings that he was deprived of basic hygienic items in May and June 2023 but does not allege must less intimate that this deprivation persisted after June 2023 and is ongoing. They request that the court dismiss Hoff's claims under Fed. R. Civ. P. 12(b)(6) as opposed to Fed. R. Civ. P. 12(b)(1), reasoning:

> the factual allegations in Hoff's Complaint regarding past deprivations simply fail to state a claim for injunctive relief, despite Hoff's use of the term "injunctive relief." This misuse of "labels and conclusions" . . . is a logical inconsistency at the heart of Hoff's Amended Complaint which exists independent of the identity of any Defendant. In other words, a claim for injunctive relief which fails to allege anything to enjoin necessarily fails to state a claim regardless of whether the suit is brought against a state official or a private entity. The nature of the particular defect at issue here arguably tilts in favor of adjudication under 12(b)(6), since the failure to invoke <u>Ex Parte Young</u> is ultimately based on a pleading deficiency. However, Defendants acknowledge that many district courts adjudicate this issue under Rule 12(b)(1) and simply submit that, whichever rule the Court uses to guide its analysis, the Eleventh Amendment bars this case in any event.

(Doc. No. 31) (internal citation omitted).

As sovereign immunity is a jurisdictional question, the court finds it appropriate to look to Fed. R. Civ. P. 12(b)(1). <u>See</u> <u>Hagen v. Sisseton–Wahpeton Cmty. Coll.</u>, 205 F.3d 1040, 1043 (8th Cir. 2000) (explaining that "sovereign immunity is a jurisdictional question" and properly addressed as a Rule 12(b)(1) motion to dismiss (alteration and internal quotation marks omitted)).

Having reviewed Hoff's pleadings, the court agrees that the Defendants have Eleventh Amendment immunity from suit.  All defendants are employed by the North Dakota Department of Corrections and Rehabilitation. "A suit against a government officer in his official capacity is functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). Hoff's official capacity claims are therefore equivalent to claims against the State of North Dakota.  "North Dakota has not consented to suit, and Congress did not abrogate the state's immunity in passing § 1983.  Will v. Mich. Dept. of State Police, 491 U.S. 58, 66–67 (1989); Burk v. Beene, 948 F.2d 489, 492–93 (8th Cir.1991).

The Young exception to Eleventh Amendment immunity does not apply in this instance. Hoff has not alleged there is any ongoing deprivation of personal hygienic items Defendants.  Put another way, there is nothing in his pleadings to suggest that there is a present threat of harm or a substantial immediate threat of harm in the future.

 If the court were to look to Fed. R. Civ. P. 12(b)(6) as opposed to 12(b)(1), it would reach the same conclusion.  As Defendants have pointed out, Hoff has not alleged anything to enjoin. Again, his pleadings are devoid of any allegation of any ongoing deprivation or denial of hygienic items by Defendants.

Accordingly, the court finds that the Ex Parte Young exception to Eleventh Amendment immunity does not apply, and Hoff's § 1983 claims against Defendants in their official capacities for injunctive relief are barred by the Eleventh Amendment.

**B.     Failure to State Cognizable Claim**

Defendants next assert that, sovereign immunity aside, Defendant has failed to assert a cognizable claim regarding the conditions of his confinement.  Specifically, they assert that Hoff

pleadings are deficient insofar as he has not alleged anything that needs to be enjoined let alone that he was deprived "of the civilized measure of life's necessities."

The Eighth Amendment's protection against cruel and unusual punishment requires that the conditions of a prisoner's confinement be humane.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  A claim asserting conditions of confinement that violate the Eighth Amendment requires showing the existence of "objectively harsh conditions of confinement" with "a subjectively culpable state of mind" by those who created the conditions.  Scott v. Correct Care Solutions, 2021 WL 1806560 at *3 (E.D. Ark. Apr. 20, 2021) (citing Choate v. Lockhart, 7 F.3d 1370, 1373 (8th Cir. 1993)). Conditions of confinement are objectively unconstitutional when they deprive a prisoner of the "minimal civilized measure of life's necessities," Revels v. Vincenz, 382 F.3d 870, 875 (8th Cir. 2004) (quotation omitted), or expose an inmate to "conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 843. A defendant's conduct must demonstrate "deliberate indifference to the health and safety of a prisoner" and that the defendant was "aware of but disregarded an excessive risk to inmate health or safety." Revels, 382 F.3d at 875. (quotations omitted). "An official is deliberately indifferent if he or she actually knows of the substantial risk and fails to respond reasonably to it." Young v. Selk, 508 F.3d 868, 873 (8th Cir. 2007). "[M]ere negligence or inadvertence does not rise to the level of deliberate indifference." Kulkay v. Roy, 847 F.3d 637, 643 (8th Cir. 2017) (citation omitted).

The Court finds that Hoff has failed to allege facts sufficient to establish a claim for unconstitutional conditions of confinement. The Court accepts that Plaintiff's allegations regarding the deprived of indigent items in May and June 2023.  However, Hoff has  failed to allege any facts that meet the requirements of the subjective prong of his claim.  In his pleadings he acknowledges

that he at least some staff members helped him look for the deprived indigent items. This falls short of the need to allege that Defendants were "aware of but disregarded an excessive risk to [Plaintiff's] health or safety." Revels, 382 F.3d at 875.  Accordingly, Plaintiff has failed to sufficiently state a claim alleging that he was subjected to conditions of confinement that violated the Eighth Amendment.

### C.      Failure to Exhaust Administrative Remedies

Lastly, Defendants assert that dismissal of Hoff's claim is warranted due to his failure to exhaust his administrative remedies.  The court does not need to address the issue of exhaustion as Defendants  are cloaked with sovereign immunity and Hoff pleadings are otherwise deficient.

## IV.    <u>CONCLUSION</u>

Defendants' Motion to Dismiss (Doc. No. 30) is **GRANTED**.  This action is dismissed in its entirety without prejudice.

**IT IS SO ORDERED.**

Dated this 22nd day of July, 2024.

<u>/s/ Clare R. Hochhalter</u>
Clare R. Hochhalter, Magistrate Judge
United States District Court
